JANET M. HEROLD, Regional Solicitor
BRUCE L. BROWN, Associate Regional Solicitor
Washington State Bar No. 18844
brown.bruce.l@dol.gov
SUSAN BRINKERHOFF, Trial Attorney
District of Columbia Bar No. 460945
brinkerhoff.susan@dol.gov
Office of the Solicitor, U.S. Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Phone (206) 757-6762
Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **KALEY PROPERTY SERVICES, INC., D/B/A KPS MANAGEMENT AND KPS PROPERTY MANAGEMENT**, a Washington corporation; **KPS REALTY, LLC**, a Washington limited liability company; **COMSTOCK CONSTRUCTION & RENOVATIONS, LLC**, a Washington limited liability company; **KARLYN KALEY**, an individual and managing agent of the Corporate Defendants; and **RICHARD KALEY**, an individual and a managing agent of the Corporate Defendants; <br><br> Defendants. | Case No. 2:17-cv-218 <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT** <br><br> **(29 U.S.C. § 201** *et seq.*) |

COMPLAINT UNDER FLSA                                                                  Page 1 of 13

## INTRODUCTION

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary"), alleges as follows:

1. The Secretary brings this action to enjoin Defendants Kaley Property Services, Inc., d/b/a KPS Management and KPS Property Management; KPS Realty, LLC; Comstock Construction & Renovations, LLC; Karlyn Kaley; and Richard Kaley (collectively referred to as "Defendants") from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211, and 215, and to recover wages owed under the FLSA to present and former employees of the Defendants as listed by name on the attached Exhibit A to this Complaint, as well as other current and/or former employees as yet unknown to the Secretary, together with an equal amount as liquidated damages pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), for the period of time from August 9, 2014, to the present.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. § 217; this Court also has subject matter jurisdiction of this action

under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as Plaintiff).

3. The Court has personal jurisdiction over all defendants.

(a) Corporate Defendant Kaley Property Services, Inc., is a Washington-registered corporation with its principal executive office located at 524 North Mullan Road, Suite 101, Spokane Valley, Washington 99206. Corporate Defendant Kaley Property Services, Inc., on information and belief, is doing business as KPS Management and KPS Property Management.

(b) Corporate Defendant KPS Realty, LLC, is a Washington-registered limited liability company with its principal executive office located at 524 North Mullan Road, Suite 101, Spokane Valley, Washington 99206.

(c) Corporate Defendant Comstock Construction and Renovations, LLC (also known as CC&R), is a Washington-registered limited liability company with its principal executive office located at 524 North Mullan Road, Suite 101, Spokane Valley, Washington 99206.

(d) On information and belief, Karlyn Kaley resides within the jurisdiction of this Court and/or purposely avails herself of the privilege of operating a business within the jurisdiction of this Court.

COMPLAINT UNDER FLSA

(e) On information and belief, Richard Kaley resides within the jurisdiction of this Court and/or purposely avails himself of the privilege of operating a business within the jurisdiction of this Court.

4. Venue lies in the United States District Court, Eastern District of Washington, pursuant to 28 U.S.C. § 1391(b).

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

5. At all material times, Defendant Kaley Property Services, Inc., has operated through its d/b/a's KPS Management and KPS Property Management as a full-service property management company and real estate brokerage firm that provides property management, leasing, sales, purchase, relocation, and custom real estate investment analysis services in and around Spokane Valley, Washington.

6. At all material times, Defendant KPS Realty, LLC, has conducted real estate sales, acquisitions, and property management services for Easy Acres Mobile Home Village located at 4911 N. Florida Street, Spokane, Washington 99217, and other as-yet unknown businesses. Defendant Kaley Property Services, Inc., is a governing person for Defendant KPS Realty, LLC.

7. At all material times, Defendant Comstock Construction and Renovations, LLC, provided maintenance and repair services to the properties owned or managed by

KPS Management. Defendant Karlyn Kaley is a governing person for Defendant Comstock Construction & Renovations, LLC.

8. Defendant Karlyn Kaley, a 50% owner of Kaley Property Services, Inc., at all material times acted directly or indirectly in the interest of Kaley Property Services, Inc., in relation to its employees as a managing agent and is an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d). On information and belief, Defendant Karlyn Kaley makes enterprise-wide decisions; and directs and oversees, and has the authority to direct and oversee, the operations, pay practices and payroll, and terms of employment of administrative staff, property managers, resident managers, project managers, janitorial/maintenance workers, and lawn services workers employed by Kaley Property Services, Inc.

9. Defendant Richard Kaley, a 50% owner of Kaley Property Services, Inc., at all material times acted directly or indirectly in the interest of Kaley Property Services, Inc., in relation to its employees as a managing agent and is an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d). On information and belief, Defendant Richard Kaley directs the work of Defendant Comstock Construction & Renovations, LLC, employees.

10. On information and belief, all Defendants, individually and jointly, serving as agents for one another, controlled the material aspects of the employment relationship

with their employees, including hiring, firing, setting pay rates, setting work schedules, assigning and supervising work, assigning employees to work locations, and preparing and maintaining pay records.

11. All Defendants are employers under Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## DEFENDANTS' EMPLOYEES ARE ENTITLED TO THE WAGES AND PROTECTIONS OF THE FLSA

12. Defendants' activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose and are and at all relevant times have been an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

13. Defendants' employees were or are engaged in commerce and/or in handling or working on goods that had been moved in commerce, as they regularly handle goods that had or have been shipped from places outside of the state of Washington. Defendants' enterprise has, and at all relevant times has had, an annual gross volume of sales made or business done of no less than $500,000.00, and said enterprise constitutes, and at all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 3(s), 29 U.S.C. § 203(s). As

such, Defendants' employees are covered by the FLSA, including its wage and recordkeeping provisions.

## DEFENDANTS VIOLATED THE FLSA

14. Defendants have violated and are violating provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, at wage rates less than the applicable federal minimum wage.

15. Defendants have violated and are violating provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section § 3(s) of the FLSA, 29 U.S.C. § 203(s), for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

16. Defendants have violated and are violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain,

keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

17. During the period since August 9, 2014, Defendants have repeatedly and willfully violated and are violating the above-described provisions of the FLSA. For example:

(a) Defendants misclassified housekeepers, janitorial workers, lawn service workers, maintenance workers, and resident managers as independent contractors, resulting in overtime not being paid when the employees worked more than 40 hours in a workweek.

(b) Resident managers, who were paid a salary but were non-exempt workers, suffered or were permitted to work enough hours that their hourly wage at times fell below the federal minimum wage.

(c) Defendants deducted employees' wages to cover late rents and personal phone calls made on a company phone, which caused employees' hourly wage to fall below the federal minimum wage.

(d) Defendants failed to pay office and maintenance workers for work performed before the employees clocked in and after they clocked out, resulting in overtime not being paid.

(e) Defendants failed to combine all hours worked for multiple duties being performed for one or more of the corporate defendants, resulting in overtime not being paid.

(f) Defendants paid employees on a monthly basis. When one month ended and another began during a work week, the hours in that week were not combined, resulting in overtime not being paid for that week.

(g) Defendants did not maintain time records of non-exempt salaried employees.

(h) The hours recorded on payroll records for non-exempt salaried employees different from hours actually worked by employees.

18. As a result of the violations of the monetary provisions of the FLSA, unpaid minimum wage and overtime compensation is due under the FLSA.

19. A judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by Section 17 of FLSA, 29 U.S.C. § 217.

20. A judgment enjoining and restraining the continued withholding of unpaid minimum wage and overtime compensation due under the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. § 217.

21. Judgment awarding unpaid minimum wage and overtime compensation due under the FLSA, plus an additional amount as liquidated damages that is equal to the amount of minimum wage and overtime compensation that accrued under the FLSA, is specifically authorized by Section § 16(c) of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE,** cause having been shown, the Secretary respectfully requests the Court to issue, jointly and severally against Defendants, the following:

A. An order, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, successors-in-interest, co-employers, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5);

B. An order:

(i) Pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding the Defendants liable for any unpaid minimum wages and overtime compensation that may be found by the Court to be due under the FLSA, plus an additional amount as and

for liquidated damages equal to any minimum wage and overtime compensation found to have accrued under the FLSA, to present and former employees of Defendants including the persons listed by name on the attached Exhibit A as well as other current and/or former employees as yet unknown to the Secretary; and

(ii) In any instances where liquidated damages are not awarded herein, restraining, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, the Defendants, their officers, agents, servants, employees, successors-in-interest, co-employers, and those persons in active concert or participation with them from continuing to withhold the payment of any unpaid minimum wage and overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and

(iii) Awarding the Secretary the costs of this action and providing such further legal and equitable relief as may be deemed appropriate; and

C. An order providing such further legal and equitable relief as may be deemed appropriate.

DATED this 16th day of June 2017.

                        NICHOLAS C. GEALE
                        Acting Solicitor of Labor

                        JANET M. HEROLD
                        Regional Solicitor

                        BRUCE L. BROWN
                        Associate Regional Solicitor

                        By:    */s/ Susan Brinkerhoff*
                                SUSAN BRINKERHOFF
                                Trial Attorney

                        **U.S. DEPARTMENT OF LABOR**
                        **Counsel for Plaintiff**

# EXHIBIT A

1. Kirsten Baker
2. Shiloh K. BethEl
3. David Brown
4. Cathy E. Henderson
5. Marsha Lagle
6. Keith D. Parkin
7. Jonathan M. Powers
8. James A. Schuyler
9. Darrin P. Shepard
10. Adam D. Short
11. Tamara L. Short
12. Mitchell J. Vera
13. Michelle Winterroth
14. Scott A. Winterroth
15. Any and all Jane Does not yet known to the Secretary
16. Any and all John Does not yet known to the Secretary