UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br>    Plaintiff,<br>    v.<br>KALEY PROPERTY SERVICES, INC., a Washington corporation, KPS REALTY, LLC d/b/a KPS MANAGEMENT, a Washington Limited Liability Corporation; COMSTOCK CONSTRUCTION & RENOVATIONS, LLC, a Washington limited liability company; KARLYN KALEY, an individual and managing agent of the Corporate Defendants; and RICHARD KALEY, an individual and a managing agent of the Corporate Defendants,<br>    Defendants. | NO. 2:17-cv-00218-SAB<br><br>**CONSENT JUDGMENT** |

//

**CONSENT JUDGMENT** + 1

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendant KALEY PROPERTY SERVICES, INC. ("KPS" or "Defendant")[1], have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Order ("Judgment").

A. The Secretary filed a Complaint in the above-captioned proceeding naming Defendant and alleging that Defendant violated provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5). Defendant has appeared in this action.

B. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Eastern District of Washington.

C. Defendant denies the allegations in the Complaint, and specifically denies that it violated provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5).

D. The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Judgment in settlement of this action, without further contest.

It is therefore, upon joint motion of the attorneys for the parties, and for cause shown,

---

[1] Although the Secretary's First Amended Complaint filed November 8, 2017 (ECF No. 10), names multiple defendants as reflected in the caption of the case, this Consent Judgment is between only the Secretary and Kaley Property Services, Inc. ("KPS"). Upon KPS fulfilling the obligation set forth in Paragraph 6 herein, the Secretary will file a Joint Stipulation of Dismissal with Prejudice as to all defendants but KPS.

**CONSENT JUDGMENT** - 2

ORDERED, ADJUDGED, AND DECREED that Defendant, its officers, and its agents are permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5), in any of the following manners:

1. In accordance with FLSA §§ 6 and 15(a)(2), Defendant shall not employ any employee who is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), at wage rates less than the applicable federal minimum wage.

2. In accordance with FLSA §§ 7 and 15(a)(2), Defendant shall not employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendant shall make, keep, and make available to authorized agents of the Secretary workplace records as prescribed by FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5), and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendant shall pay $10,000, to be treated as back wages under the FLSA and this Judgment, to individuals on Exhibit 1, as a result of their employment by Defendant during the period of August 2, 2014, through July 31, 2016 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross back wage amount due the employee and the period covered by the Consent Judgment.

//
//

**CONSENT JUDGMENT** + 3

5. Defendant shall make a further payment of $10,000 pursuant to Section 16(c) of the FLSA, such amounts allocated to each employee shown on ECF No. 12-1, Exhibit 1, as liquidated damages.

6. Defendant shall effect payments as identified in paragraphs 4 and 5 above as follows:

    a. On or before March 28, 2018, a schedule shall be provided to the Seattle Regional Office of the Wage Hour Division, 300 Fifth Avenue, Suite 1130, Seattle, WA 98104. Such schedule shall (1) bear the name of the corporate Defendant, employer identification number, address, and phone number of the corporate Defendant; and (2) show the name, last known (home) address, social security number, and employer-issued employee identification number for each employee listed in the attached ECF No. 12-1, Exhibit 1.

    b. Defendant shall make the payments to each employee as set forth on the attached ECF No. 12-1, Exhibit 1. Each payment shall be made by a cashier's check or money order, shall be made out to "The U.S. Department of Labor or [employee's name]," shall be considered a normal payroll check, and shall reflect all standard deductions for the employee. All checks shall be delivered by no later than April 4, 2018, to the Department of Labor, Wage and Hour Division, Seattle District Office, 300 Fifth Avenue Suite 1130, Seattle, WA 98104. Within 10 days of receipt of the checks by the Department of Labor's Wage and Hour Division, the Secretary will file a Joint Stipulation of Dismissal with Prejudice as to all defendants but KPS.

    c. The Secretary shall attempt to distribute the checks to the payee employees, or to their estates if that be necessary, in the Secretary's sole discretion. Any money not so paid within a period of three years from the date of its receipt by the Secretary, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited

**CONSENT JUDGMENT** + 4

in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

    d. In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendant then known to the Secretary.

7. Defendant, its officers, and its agents shall not in any way, directly or indirectly, demand, require or accept any of the back wages or liquidated damages from those employees listed on the attached ECF No. 12-1, Exhibit 1. Defendant shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this paragraph may subject Defendant to equitable and legal damages, including punitive damages and civil contempt.

8. In accordance with FLSA § 15(a)(3), Defendant, its officers, and its agents shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Per FLSA § 16, violation of this paragraph may subject Defendant to equitable and legal damages.

    a. Within thirty (30) days of the entry of this Judgment, Defendant shall inform all supervisors, managers, superintendents, and foremen regarding the requirements of this Judgment and shall provide a complete copy of this Judgment to all supervisors, managers, superintendents, and foremen.

**CONSENT JUDGMENT** + 5

9. Pursuant to FLSA § 215(a)(5), Defendant shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendant shall not direct managers, supervisors, superintendents, foremen, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees.

10. Within thirty (30) days of the entry of this Judgment, Defendant shall supply all of its employees with copies of the attached ECF No. 12-1, Exhibit 2, which summarizes the employees' rights under the FLSA, and shall conspicuously post a copy at all office locations in the employee break room where it is visible.

IT IS ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached ECF No. 12-1, Exhibit 1, nor as to any employee named on the attached ECF No. 12-1, Exhibit 1, for any period not specified therein, nor as to any employer other than Defendant; and it is further

ORDERED that this Judgment represents a full resolution of all claims alleged against Defendant in the Secretary's Complaint for the employees named in ECF No. 12-1, Exhibit 1; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended; and it is further

//
//
//
//
//
//

**CONSENT JUDGMENT** + 6

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 27th day of March 2018.



                                  Stanley A. Bastian
                                  United States District Judge

**CONSENT JUDGMENT** + 7